## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

In Re:                                                    CASE NO: 18-12681-MAM

FLYING COW RANCH HC, LLC                                  CHAPTER 11

                    Debtor.
_____/

### CREDITOR, TIMOTHY K. MCCARTHY AND MARK J. MCCARTHY, CO-TRUSTEES OF THE MCCARTHY LAND TRUST AGREEMENT'S OPPOSITION TO DEBTOR'S MOTION FOR REHEARING ON ORDER GRANTING MOTION TO COMPEL REQUIRING DEBTOR TO ASSUME OR REJECT LAND SALE CONTRACT

Creditor, Timothy K. McCarthy and Mark J. McCarthy, Co-Trustees of the McCarthy Land Trust Agreement, ("McCarthy Land Trust") files this opposition to Debtor's Motion for Reconsideration of this Court's June 22, 2018 Order Granting Motion to Compel [ECF 59] and Requiring Debtor to Assume or Reject Sale Contract and states:

1.      The Debtor's Motion for Rehearing of this Court's June 22, 2018 Order is frivolous and disingenuous - yet another transparent effort to use this Chapter 11 case to delay without paying its contractual obligations.

2.      Debtor's Motion presents no legitimate argument and seeks to obfuscate the issues and plain language of the subject contract.  Debtor also raises new arguments which are equally baseless, but procedurally improper for reconsideration.

3.      Debtor seeks to change the subject contract and render it wholly illusory.  The Debtor entered into the contract with a sixty (60) day Inspection/due diligence period which has been contractually extended through the various addendums.  THE CONTRACT REMAINS IN THE INSPECTION/DUE DILLIGENCE PERIOD based on the extensions of the due diligence paid by Debtor through the bankruptcy filing (and now unpaid).  At the time the Debtor entered into the contract the subject property was already approved for an airport, 2,000 foot runway and

30 residential units on 150 acres. See 341 transcript, pg. 6, L. 25; pg. 7, L1-9. The Debtor subsequently created its own "Master Plan" to include an airport runway extended to 4,800 ft. See 341 transcript. Rather than accepting the property within the due diligence period, the Debtor has extended the period through written contractual agreements while it seeks to have its "Master Plan" with related permitting approved by the City of Wellington. The Debtor has chosen to enter into extensions of the due diligence period as opposed to close on the property in order to see if it can obtain approvals before paying the $15,000,000.00 purchase price. The debtor chose to seek a plan which has apparently run into delays and/or opposition with the City of Wellington and/or neighboring developments. See 341 transcript. This has nothing to do with a force majeure clause or causes thereunder. This was a strategy and plan pursued by the Debtor to create a Master Plan and buy due diligence extensions while it seeks approval of the plan. The Debtor's due diligence extensions for which it has paid directly controverts and waives any possible "force majeure" contention. Paragraph 8 of the Contract expressly provides the Property is to be delivered "AS IS" and it is in the "Buyer's sole and absolute discretion, to determine whether the Property is suitable for Buyer's intended use". The Force Majeure argument is made up and has no application to the facts of this case. [1]

4.     The debtor will do and say anything to delay, obfuscate and avoid its clear contractual obligations. It is seeking to convince this Court that the contract is a completely different contract than the one agreed to by the parties and seeks to render the contract wholly

---

[1] Debtor's counsel curiously asserts the debtor is obligated to purchase the property for the contract price if the debtor gets the permits. This contention is false and completely contrary to the plain language of the contract. The Debtor, and unfortunately its counsel, are operating in an alternative universe and contract. This is also a new argument not previously raised, albeit equally baseless.

2

illusory.[2]

5.    The Debtor paid the extension fees until the bankruptcy was filed on March 8, 2018 and has now been in Chapter 11 for 4 months. This Motion for Rehearing is another baseless mechanism to delay and the prejudice of the McCarthy Land Trust. This Court's Order is well reasoned. The Motion should be denied and the Debtor IMMEDIATELY compelled to assume or reject the contract with no further continuances or extensions of time.

    Dated:  July 12, 2018.                    Respectfully submitted,

                                I HEREBY CERTIFY that I am admitted to the Bar
                                of the United States District Court of the Southern
                                District of Florida and I am in compliance with the
                                additional qualifications to practice in this Court as
                                set forth in Local Rule 2090-1(A).

                                GAMBERG & ABRAMS
                                *Attorneys for Creditor, Timothy K.*
                                *McCarthy and Mark J. McCarthy, Co-*
                                *Trustees of the McCarthy Land Trust*
                                *Agreement*
                                1776 North Pine Island Road, Suite 215
                                Fort Lauderdale, Florida 33322
                                Telephone:    (954) 523-0900
                                Facsimile:    (954) 915-9016
                                E-mail:       tabrams@tabramslaw.com

                                By: /s/ Thomas L. Abrams
                                    Thomas L. Abrams, Esquire
                                    Florida Bar No. 764329

---

[2] Curiously, as the Debtor has been making this force majeure argument, it has been hiring professionals to seek approval from the City for its plan and most recently sought the expedited release of certain escrow funds. This makes further clear that the "force majeure "argument is fraudulent in more ways than one.

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF/Notice of Electronic Filing and/or U.S. First Class Mail as noted to all parties and/or creditors on the attached Service List on this 12th day of July, 2018.


By: /s/Thomas L. Abrams
Thomas L. Abrams, Esq.


## SERVICE LIST

### *Notice/Service via ECF Electronic Mail:*

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Thomas L Abrams      tabrams@tabramslaw.com, dabrams@tabramslaw.com
- Heidi A Feinman      Heidi.A.Feinman@usdoj.gov
- Office of the US Trustee      USTPRegion21.MM.ECF@usdoj.gov
- Jordan L Rappaport      office@rorlawfirm.com, 1678370420@filings.docketbird.com
- Kenneth S Rappaport      office@rorlawfirm.com, 2656204420@filings.docketbird.com

### *Notice/Service via First Class U.S. Mail:*

*See Attached Service List*


By: /s/Thomas L. Abrams
Thomas L. Abrams, Esq.


4

Label Matrix for local noticing
113C-9
Case 18-12681-MAM
Southern District of Florida
West Palm Beach
Thu Jul 12 15:50:06 EDT 2018

Flying Cow Ranch HC, LLC
1000 N US Hwy 1 #762
Jupiter, FL 33477-4303

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

Gunster
777 S Flagler Dr #500
West Palm Beach, FL 33401-6121

Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602-5226

Internal Revenue Service
Central Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346

Lewis, Longman & Walker, PA
515 N Flagler Dr, #1500
West Palm Beach, FL 33401-4327

Lewis, Longman & Walker, P.A.
515 North Flagler Drive
Suite 1500
West Palm Beach, FL 33401-4327

Mallon Blatcher
12 S Monroe St
Media, PA 19063-2915

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715

Timothy K McCarthy, Trustee and
Mark J McCarthy, Trustee
c/o C Glen Leonard Esq
2817 E Oakland Park Blvd #201-A
Fort Lauderdale, FL 33306-1889

Wantman Group Inc
2035 Vista Parkway #100
West Palm Beach, FL 33411-2716

Wantman Group, Inc.
c/o Edward M. Baird
941 W. Morse Blvd., Suite 100
Winter Park, FL 32789-3781

David Wantman
2035 Vista Parkway #100
West Palm Beach, FL 33411-2716

Frank Blatcher
12 S Monroe St
Media, PA 19063-2915

Jordan L Rappaport Esq
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Kenneth S Rappaport Esq
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Timothy K. & Mark J McCarthy
Gamberg & Abrams
c/o Thomas L. Abrams, Esq.
1776 N. Pine Island Rd., Suite 215
Plantation, FL 33322-5223

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

End of Label Matrix
Mailable recipients    18
Bypassed recipients     1
Total                  19