UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE: : CHAPTER 11
:
FLYING COW RANCH HC, LLC : CASE NO. 18-12681-MAM
:
Debtor. :

**UNITED STATES TRUSTEE'S OBJECTIONS TO MOTION TO ALLOW USE OF DEPOSIT BY VILLAGE OF WELLINGTON (ECF #62)**

The United States Trustee for Region 21, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. §586(a), and files this objection to the Motion to Allow Use of Deposit by Village of Wellington (ECF #62, "Motion").

1. The Debtor filed a voluntary Chapter 11 petition on March 8, 2018[1].

2. This Debtor filed its petition to resolve issues with a land sale contract dated December 5, 2014 to purchase 150 acres of land in Wellington, FL.

3. On June 22, 2018, the Court entered the *Order Granting Motion to Compel (ECF No. 30) and Requiring Debtor to Assume or Reject Land Sale Contract* (ECF #54). The order requires the Debtor to file a motion to assume or reject the Land Sales Contract within 14 days of the order entry date.

4. Rather than filing such a motion on a timely basis, the Debtor filed a *Motion to Extend Time to Assume or Reject Executory Contract* (ECF #57) and a *Motion to Reconsider Order* (ECF #59).

5. The Debtor also filed the instant motion, seeking an expedited hearing.

6. The U.S. Trustee presented several questions to the Debtor but to date has not

---

[1] The U.S. Trustee notes that the Debtor states the petition filing date is July 19, 2018, a date that has yet to occur.

1

received a response. Therefore, in an abundance of caution, the U.S. Trustee raises the following objections to the Motion.

7. The Motion states that the Debtor, on or about mid-2015, submitted to the Village of Wellington a Development Application along with a sum of $12,022.40 to be used for the expenses.  Based upon the odd amount mentioned in the Motion, and without the application, the U.S. Trustee cannot determine whether the deposit amount was originally more and the amount of the remaining balance or if this current amount was the amount actually deposited with the village. More information is necessary.

8. Additionally, based upon the hourly rates and other expenses listed in Ordinance 2007-17 and Resolution No. R2008-21 attached to the Motion, the U.S. Trustee is concerned that this nominal amount will be utilized by the village very quickly. The U.S. Trustee has asked the Debtor if the village intends to present the Debtor with some invoice or breakdown of expenses to be deducted from this deposit. Furthermore, since the resolution became effective over 10 years ago, the U.S. Trustee questions if these rates are even the current rates being utilized by the village. The U.S. Trustee submits that the most recent costs list should be provided to the Court and the parties.

9. Finally, the U.S. Trustee questions what will happen if this deposit is utilized. Will the Debtor be obligated to provide an additional deposit and if so, from what source. The Court and the creditors and parties in interest should be made aware of all the costs to be incurred to obtain an approval of the application.

10. Until such time as the Debtor provides answers regarding the costs and source of funds, the U.S. Trustee objects to the approval of the Motion.

11. Furthermore, the U.S. Trustee objects to approval of this Motion until such time as the Court determines whether it will extend the time to assume or reject the executory contract. To the extent the Court deems this contract rejected, the Motion is not necessary and/or beneficial to this estate.

WHEREFORE, the United States Trustee files this objection to the Motion and requests to be heard at a hearing set on this matter.

DANIEL M. MCDERMOTT
United States Trustee

___/s/_____
HEIDI A. FEINMAN
Trial Attorney
Florida Bar No. 0879460
Office of the U.S. Trustee
51 SW First Street, Room 1204
Miami, FL 33130
(305) 536-7285

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **UNITED STATES TRUSTEE'S OBJECTIONS TO MOTION TO ALLOW USE OF DEPOSIT BY VILLAGE OF WELLINGTON (ECF #62)** was electronically filed with the Court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system and via U.S. Mail to those requesting notice.

Thomas L Abrams        tabrams@tabramslaw.com, dabrams@tabramslaw.com
Jordan L Rappaport     office@rorlawfirm.com, 1678370420@filings.docketbird.com
Kenneth S Rappaport    office@rorlawfirm.com, 2656204420@filings.docketbird.com

Frank Blatcher
12 S Monroe St
Media, PA 19063

David Wantman
2035 Vista Parkway #100
West Palm Beach, FL 33411-2716

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and the I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

     DONE this the 16th day of July, 2018.

                                         _____/s/_____
                                         HEIDI A. FEINMAN
                                         Trial Attorney