UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 18-12681-MAM
CHAPTER 11

FLYING COW RANCH HC, LLC,

    Debtor.
_____/

**DEBTOR'S MOTION TO APPROVE ASSUMPTION OF LAND
SALE CONTRACT WITH TIMOTHY J. MCCARTHY AND MARK J.
MCCARTHY, CO-TRUSTEES OF THE MCCARTHY LAND TRUST AGREEMENT
AND REQUEST FOR EVIDENTIARY HEARING**

Debtor, FLYING COW RANCH HC, LLC, by and through undersigned counsel, hereby files this Motion to Approve Assumption of Land Sale Contract with Timothy J. McCarthy and Mark J. McCarthy, Co-Trustees of the McCarthy Land Trust Agreement, and in support thereof states:

1.    This case was commenced by the filing of a voluntary petition under Chapter 11 on March 8, 2018.

2.    Debtor is in the land development business.

3.    Debtor is a party to a Land Sale Contract with Timothy J. McCarthy and Mark J. McCarthy, Co-Trustees of the McCarthy Land Trust Agreement (collectively "McCarthy"), relating to real property known as Flying Cow Ranch located in Wellington, Florida (the "Contract").

4.    Pursuant to this Court's Order dated July 27, 2018 (ECF 81), Debtor has until August 10, 2018 within which to assume or reject the Contract.

5.    At the time of filing its original petition herein, Debtor was current in its payments pursuant to the Contract.

6. On April 25, 2018, McCarthy filed a Motion to Compel Assumption or Rejection of Executory Contract and Payment of Contractual Extension Fees or Alternatively to Dismiss Chapter 11 Case and Request for Evidentiary Hearing (ECF 30).

7. Debtor filed its Response to the Motion to Compel (ECF 34). Debtor's Response to the Motion specifically cited its position that the *force majeure* clause in the Contract required an evidentiary hearing as to whether the Debtor was required to continue making any payments. In addition, Debtor stated that it had invested approximately $835,000.00, as well as incurring additional costs related to obtaining approvals for the land development of approximately $500,000,00.

8. The Court entered its Order on June 22, 2018 (ECF 54). In that Order, the Court set a deadline for the Debtor to assume or reject the Contract and required Debtor to cure all defaults and provide adequate assurance of future performance.

9. Debtor now moves this Court for assumption of the Contract.

10. A debtor, "subject to the court's approval, may assume or reject any executory contract or unexpired lease[.]" 11 U.S.C. §365(a). A debtor may not assume an executory contract or unexpired lease under which there is an existing default unless the debtor:

    (A) cures, or provides adequate assurance that [it] will promptly cure, such default . . .;

    (B) compensates, or provides adequate assurance that [it] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

    (C) provides adequate assurance of future performance under such contract or lease."

11 U.S.C. §365(b)(1).

11. A debtor's decision to assume or reject an executory contract under section 365 is governed by the business judgment standard. See *In re Prestige Motorcar Gallery, Inc.*, 456 B.R. 541 (Bankr. N.D.Fla. 2011). Here, the assumption of the Contract is essential to maintaining and maximizing the value the Debtor realizes for its assets. Furthermore, there is no denying that the Contract is the most valuable asset of the Estate and as such, the Debtor believes that the assumption of the Contract is in the best interest of all creditors. Moreover, the Debtor submits that there are no incurable defaults under the Contract. As detailed above, any payment defaults will be cured pursuant to the terms of the assumption of the Contract as soon as reasonably practicable.

12. The meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, but should be given "practical, pragmatic construction." *In re Prime Motor Inns, Inc.*, 166 B.R. 993, 997 (Bankr. S.D.Fla.1994). Adequate assurance will be given and has been given as a result of the relationship that has existed between Debtor and McCarthy in that they have been pursuing the contractual terms for over 3 years. Equally important is that the Debtor and its principals committing and having committed to obtaining every necessary and needed governmental approval for the highest and best use of the subject property, which insures to the benefit of the Debtor and McCarthy.

13. The Bankruptcy Code does not in fact specifically define the terms "cure" or what is "a prompt cure" and therefore, it has been left to the Courts to determine whether or not the proposed cure and adequate performance are sufficient. An evidentiary hearing is required to determine the amount and time frame for cure payments and/or adequate protection. See *In re Uniq Shoes Corp.*, 316 B.R. 748 (Bankr. S.D. Fla 2004).

WHEREFORE, Debtor, FLYING COW RANCH HC, LLC, requests that this Court grant its Motion to Assume and schedule an evidentiary hearing to determine the amount and time frame for cure payments and/or adequate protection, and for such other and further relief as may be just.

I HEREBY CERTIFY that a true copy of the foregoing has been furnished by regular mail or electronically to all creditors and interested parties listed on the attached on this 10th day of August, 2018.

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualification to practice in this court set forth in Local Rule 2091-1(A).

> RAPPAPORT OSBORNE & RAPPAPORT, PLLC
> Attorney for Debtor
> 1300 North Federal Highway
> Squires Building, Suite 203
> Boca Raton, Florida 33432
> Telephone: (561) 368-2200
> Facsimile: (561) 338-0350
>
> BY: _____/s/_____
>      KENNETH S. RAPPAPORT, ESQ.
>      FL Bar No. 132333

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-9<br>Case 18-12681-MAM<br>Southern District of Florida<br>West Palm Beach<br>Thu Aug  9 16:32:29 EDT 2018 | Flying Cow Ranch HC, LLC<br>1000 N US Hwy 1 #762<br>Jupiter, FL 33477-4303 | Florida Department of Revenue<br>5050 West Tennessee Street<br>Tallahassee, FL 32399-0100 |
| Gunster<br>777 S Flagler Dr #500<br>West Palm Beach, FL 33401-6121 | Gunster, Yoakley & Stewart, P.A.<br>401 E. Jackson Street, Suite 2500<br>Tampa, FL 33602-5226 | Internal Revenue Service<br>Central Insolvency Operation<br>P. O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Lewis, Longman & Walker, PA<br>515 N Flagler Dr, #1500<br>West Palm Beach, FL 33401-4327 | Lewis, Longman & Walker, P.A.<br>515 North Flagler Drive<br>Suite 1500<br>West Palm Beach, FL 33401-4327 | Mallon Blatcher<br>12 S Monroe St<br>Media, PA 19063-2915 |
| Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Palm Beach County Tax Collector<br>P.O. Box 3715<br>West Palm Beach, FL 33402-3715 | Timothy K McCarthy, Trustee and<br>Mark J McCarthy, Trustee<br>c/o C Glen Leonard Esq<br>2817 E Oakland Park Blvd #201-A<br>Fort Lauderdale, FL 33306-1889 |
| Wantman Group Inc<br>2035 Vista Parkway #100<br>West Palm Beach, FL 33411-2716 | Wantman Group, Inc.<br>c/o Edward M. Baird<br>941 W. Morse Blvd., Suite 100<br>Winter Park, FL 32789-3781 | David Wantman<br>2035 Vista Parkway #100<br>West Palm Beach, FL 33411-2716 |
| Frank Blatcher<br>12 S Monroe St<br>Media, PA 19063-2915 | Jordan L Rappaport Esq<br>1300 N Federal Hwy #203<br>Boca Raton, FL 33432-2848 | Kenneth S Rappaport Esq<br>1300 N Federal Hwy #203<br>Boca Raton, FL 33432-2848 |
| Timothy K. & Mark J McCarthy<br>Bamberg & Abrams<br>c/o Thomas L. Abrams, Esq.<br>1776 N. Pine Island Rd., Suite 215<br>Plantation, FL 33322-5223 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)West Palm Beach | End of Label Matrix<br>Mailable recipients    18<br>Bypassed recipients     1<br>Total                   19 | |