UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                                                          CASE NO:  18-12681-MAM

FLYING COW RANCH HC, LLC,                       CHAPTER 11

                  Debtor.

_____/

**CREDITOR, TIMOTHY J. MCCARTHY AND MARK J. MCCARTHY,
CO-TRUSTEES OF THE MCCARTHY LAND TRUST AGREEMENT'S RESPONSE
TO DEBTOR'S MOTION TO APPROVE ASSUMPTION OF LAND SALE CONTRACT
AND OPPOSITION TO EVIDENTIARY HEARING AS CURE AMOUNT IS NOT IN
DISPUTE**

Creditor, Timothy K. McCarthy and Mark J. McCarthy, Co-Trustees of the McCarthy Land Trust Agreement, ("McCarthy Land Trust") files this its Response to Debtor's Motion to Approve Assumption of Land Sale Contract ("Sale Contract") [D.E. 92] and states:

1.      There is no dispute that the Debtor is in default of the Sale Contract by failing to make the extension fee payments of $100,000 per month for the months of April, May, June, July and August 2018 for a total cure amount at this time of $500,000. See Sale Contract, this Court's Order Granting Motion to Compel Assumption or Rejecting, pg. 3 of 8 [D.E. 54] and the 341 transcript which is attached as Exhibit "2" to McCarthy Land Trust's Motion to Compel. [1]

2.      As set forth in Section 365 of the Code and this Court's June 22, 2018 Order, if there has been a default in an executory contract it may not be assumed, unless at the time of the assumption the amount in default is cured and provides adequate assurance of future performance.

3.      There is no need to reach the issue of adequate assurance of future performance (none of which has been offered or proffered by the debtor) when there is $500,000 in cure

payments due under the Sale Contract.

4.      The name of the game in this case for the Debtor has been delay and obfuscation. The Debtor seeks an evidentiary hearing when the amount due is ADMITTED by the debtor in this proceeding, already determined by the Court in the Order and plainly set forth in the Sale Contract as amended.

5.      The Debtor has no intent to pay the cure amount and has already stated it is unable to do so, but seeks to cause further delay at the continued expense and prejudice to the McCarthy Land Trust.

6.      This Court stated in paragraph 4 of its Order that "If the Debtor elects to assume the Land Sale Contract, the Debtor will be required to cure all defaults and provide adequate assurance of future performance". This was not ambiguous.

7.      This Court called the Debtor on its delay tactics at the last hearing, but such tactics continue unabated. Debtor is now seeking an evidentiary hearing on cure amounts which are not in dispute and are seeking to change this Court's prior ORDER and the CODE by asserting that it can cure "as soon as reasonably practicable." That is not the standard or the law and is yet another bad faith argument in the pile of bad faith arguments and ploys this Debtor has proffered before this Court.

8.      The Debtor has had over five months to cure and make payments, but none have been made. It was aware when the Court entered its June 22, 2018 Order that it would be required to cure. The Court's Order required cure. The delay should be ended and either the Debtor's cure the $500,000 default by the time of the August 22, 2018 hearing or within 48

---

[1] The Debtor's Manager, Mr. Hall, admitted at the 341 meeting that the $100,000 per month is owed and

hours thereafter or the Motion to Assume should be denied, the contract deemed in default and terminated.

Dated:    <u>August 15, 2018</u>.

Respectfully submitted,

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court of the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court as set forth in Local Rule 2090-1(A).

GAMBERG & ABRAMS
*Attorneys for Creditor, Timothy K. McCarthy and Mark J. McCarthy, Co-Trustees of the McCarthy Land Trust Agreement*
1776 North Pine Island Road, Suite 215
Fort Lauderdale, Florida 33322
Telephone:    (954) 523-0900
Facsimile:    (954) 915-9016
E-mail:        tabrams@tabramslaw.com

By: <u>/s/ Thomas L. Abrams</u>
       Thomas L. Abrams, Esquire
       Florida Bar No. 764329

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished via CM/ECF/Notice of Electronic Filing and/or U.S. First Class Mail as noted to all parties and/or creditors on the attached Service List on this <u>15th</u> day of <u>August, 2018.</u>

By: <u>/s/Thomas L. Abrams</u>
       Thomas L. Abrams, Esq.

---

"REQUIRED", "but we're unable at this time to make those payments". Page 11, L. 12-17.

## SERVICE LIST

### *Notice/Service via ECF Electronic Mail:*

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Thomas L Abrams    tabrams@tabramslaw.com, dabrams@tabramslaw.com

- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

- Jordan L Rappaport    office@rorlawfirm.com, 1678370420@filings.docketbird.com

- Kenneth S Rappaport    office@rorlawfirm.com, 2656204420@filings.docketbird.com

### *Notice/Service via First Class U.S. Mail:*

*See Attached Service List*

By: /s/Thomas L. Abrams
Thomas L. Abrams, Esq.

Label Matrix for local noticing
113C-9
Case 18-12681-MAM
Southern District of Florida
West Palm Beach
Fri Jul 27 14:23:33 EDT 2018

Flying Cow Ranch HC, LLC
1000 N US Hwy 1 #762
Jupiter, FL 33477-4303

Florida Department of Revenue
5050 West Tennessee Street
Tallahassee, FL 32399-0100

Gunster
777 S Flagler Dr #500
West Palm Beach, FL 33401-6121

Gunster, Yoakley & Stewart, P.A.
401 E. Jackson Street, Suite 2500
Tampa, FL 33602-5226

Internal Revenue Service
Central Insolvency Operation
P. O. Box 7346
Philadelphia, PA 19101-7346

Lewis, Longman & Walker, PA
515 N Flagler Dr, #1500
West Palm Beach, FL 33401-4327

Lewis, Longman & Walker, P.A.
515 North Flagler Drive
Suite 1500
West Palm Beach, FL 33401-4327

Mallon Blatcher
12 S Monroe St
Media, PA 19063-2915

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130-1614

Palm Beach County Tax Collector
P.O. Box 3715
West Palm Beach, FL 33402-3715

Timothy K McCarthy, Trustee and
Mark J McCarthy, Trustee
c/o C Glen Leonard Esq
2817 E Oakland Park Blvd #201-A
Fort Lauderdale, FL 33306-1889

Wantman Group Inc
2035 Vista Parkway #100
West Palm Beach, FL 33411-2716

Wantman Group, Inc.
c/o Edward M. Baird
941 W. Morse Blvd., Suite 100
Winter Park, FL 32789-3781

David Wantman
2035 Vista Parkway #100
West Palm Beach, FL 33411-2716

Frank Blatcher
12 S Monroe St
Media, PA 19063-2915

Jordan L Rappaport Esq
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Kenneth S Rappaport Esq
1300 N Federal Hwy #203
Boca Raton, FL 33432-2848

Timothy K. & Mark J McCarthy
Gamberg & Abrams
c/o Thomas L. Abrams, Esq.
1776 N. Pine Island Rd., Suite 215
Plantation, FL 33322-5223

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)West Palm Beach

End of Label Matrix
Mailable recipients    18
Bypassed recipients     1
Total                  19