UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In Re:                                         CASE NO.: 18-12681

FLYING COW RANCH HC, LLC                       CHAPTER 11

    Debtor
_____/

### VILLAGE OF WELLINGTON'S MOTION FOR CLARIFICATION OF COURT'S ORDER GRANTING DEBTOR'S MOTION TO ALLOW USE OF DEPOSIT BY VILLAGE OF WELLINGTON [DE 79] IN LIGHT OF EXPIRATION OF DEADLINE TO ASSUME OR REJECT LAND SALE CONTRACT, AS SET FORTH IN COURT'S PRIOR ORDERS [DE 54 AND 81] AND REQUEST FOR EXPEDITED HEARING

### REASON FOR EXIGENCY

**Wellington requests an expedited hearing because Debtor has demanded that Wellington process its development application, which will deplete the deposit being held by Wellington, and Wellington is uncertain whether, in light of Debtor's failure to affirm or reject the land sale contract, Debtor has standing to pursue land use changes and development orders on property that it neither owns nor has a valid contract to purchase.**

Village of Wellington, by and through its undersigned counsel, moves the Court for an Order clarifying whether it is still permitted to use the funds deposited by Debtor with Wellington to process Debtor's revised development application where Debtor failed to affirm or reject the contract within the deadline set by the Court in its prior Orders [DE 54 and 81], and in support of this motion states as follows:

**RELEVANT BACKGROUND**

1.    This Court previously ordered that Wellington could apply any remaining sums being held on deposit for the purpose of processing Debtor's pending development application, but that any additional sums required for processing the development application must be paid by

third-parties who shall not be reimbursed by the Debtor during the pendency of this case. *See* Order Granting Debtor's Motion to Allow Use of Deposit by Village of Wellington [DE 79].

2. On the same date, July 26, 2018, the Court entered its Order Denying Debtor's Motion for Rehearing on Order Granting Motion to Compel and Requiring Debtor to Assume or Reject Land Sale Contract [DE 80] and its Order Granting in Part Debtor's Motion to Extend Deadline to Assume or Reject Executory Contracts and Unexpired Leases [DE 81].

3. Pursuant to the Order granting Debtor's extension [DE 81], Debtor was required to assume or reject the land sale contract on or before August 10, 2018. Rather than assume or reject the land sale contract, Debtor filed a Notice of Appeal [DE 89] of several orders previously entered by the Court, including the Order permitting the brief extension of the deadline until August 10, 2018.

4. Simultaneously, Debtor filed a Motion to Assume Executory Contract [DE 92], which the Court subsequently denied. *See* Order Denying Motion to Approve Assumption of Land Sale Contract [DE 116] and Debtor has now appealed that Order too. [DE 129].

5. Wellington's Land Development Regulations require that applicants for land use changes be property owners or otherwise be authorized to put forward an application. *See* Land Development Regulations of Wellington, Florida Art. 5, § 5.1.4 (2012) (Debtor submitted its application in August 2016 before the revisions adopted in 2017, and therefore, the 2012 version of the regulations govern the application). Section 5.1.4 states in pertinent part the following:

> Staff shall accept complete applications for development permits for land development activities regulated by this Code. **All applications shall include proof of ownership and if applicable, consent to be represented by an agent.**

(emphasis added).

6. Debtor has demanded that Wellington continue to process the application. *See* emails attached hereto as Composite Exhibit A.

7. In light of the above, Wellington is unsure whether, under the Court's Orders, it is able to use Debtor's funds to process the revised development application.

## LEGAL POINTS AND AUTHORITIES

8. When a district court reviews a bankruptcy court decision, the district court functions as an appellate court. *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir.1994). The general rule is that a timely appeal divests the bankruptcy court of jurisdiction. *In re Mosley*, 494 F.3d 1320, 1328 (11th Cir. 2007).

9. The Court nevertheless has jurisdiction to consider this motion despite the appeal commenced by Debtor. *Id*. The *In re Mosley* court recognized an exception to the general rule that an appeal divests the district court by acknowledging that it only limited that court's control over those aspects of the case involved with the order on appeal. *Id.* Where the bankruptcy court acts in aid of appellate review, a bankruptcy court has jurisdiction to supplement its order by explaining it. *Id.* Any supplemental order issued by the bankruptcy court cannot vacate or modify the order on appeal. *Id.*

10. The Court here has not directly addressed what Wellington must do with Debtor's deposit in the event Debtor rejected or failed to move the Court to accept the purchase and sale agreement. There is no dispute that the money Wellington has received from Debtor for the development application is an estate asset. Accordingly, the Court has jurisdiction to decide what to do with Debtor's funds on deposit with Wellington despite the appeal Debtor commenced. The orders on appeal relate to assuming the executory contract, and not directing Wellington what it should do with Debtor's deposit under the circumstances presented here.

11. Alternatively, the Court is able to explain its Order. Wellington is not asking the Court to vacate or modify an order on appeal, and this motion seeks only to clarify how the Court wants Wellington to treat Debtor's assets during the remainder of this case given the current procedural posture.

12. As it stands at this point in the process, it is not clear to Wellington whether Debtor retains any rights under the Land Development Regulations of Wellington, Florida because it is undeniably not the owner, and it is not clear that it has retained any legal or equitable rights attendant to owning the property subject to the purchase and sale agreement.

13. Therefore, the Court should clarify whether Debtor is able to demand Wellington process its development application causing it to deplete an asset to the estate.

## CONCLUSION

Based on the foregoing, the Village of Wellington respectfully requests that this Court enter an order clarifying whether Wellington is permitted to use the funds on deposit to continue processing Debtor's land development application while the issues related to assuming or rejecting the purchase and sale agreement remain pending.

Respectfully submitted,

BECKER & POLIAKOFF, P.A.
*Attorneys for Village of Wellington*
1 East Broward Blvd., Suite 1800
Fort Lauderdale, FL  33301
T: 954-987-7550 | F: 954-985-4176
Primary: jpolenberg@beckerlawyers.com
Secondary: tfritz@beckerlawyers.com

By: */s/ Jon Polenberg*
Jon Polenberg (FBN 653306)

*CASE NO.: 18-12681*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 13, 2018 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel or parties of record via Electronic Filing generated by CM/ECF to counsel of record and the Office of the US Trustee.

          */s/ Jon Polenberg*
           Jon Polenberg (FBN 653306)

LAW OFFICES
BECKER & POLIAKOFF, P.A.
1 EAST BROWARD BLVD. • SUITE 1800 • FT. LAUDERDALE, FL 33301
TELEPHONE (954) 987-7550